ON RETURN TO REMAND

BOWEN, Presiding Judge.
This Court remanded this cause to the Baldwin Juvenile Court with directions that the judge specify whether, in concluding that “there are no reasonable grounds to believe [the appellant] is committable to an institution or agency for the mentally retarded or mentally ill,” the judge had considered the material now contained in the supplemental record on appeal. 649 So.2d 1345. That material included documents of the juvenile’s mental health treatment history in the state of Florida.
On remand, the juvenile judge indicated that she had not considered that material. Consequently, and in accordance with our order, that material was reviewed by psychologist Larry D. Faison, who concluded:
*1349 “Based upon the historical materials and the testing data in 1992, there are no reasonable grounds to believe that [M.M.] is committable to an institution for the mentally retarded or the mentally ill. His problems appear to relate directly to his conduct, which is a learned pattern of behavior.” Rem.R. 3.
Thereafter, the juvenile court judge entered a new order of transfer. In that order, the judge found:
“4) The Court finds that there are no reasonable grounds to believe that the juvenile is committable to either an institution for the mentally retarded or for the mentally ill. In making this finding the Court relies on all of the evidence including Dr. Larry Faison’s written report ... made after his review and consideration of the materials contained in the supplemental record on appeal.
[[Image here]]
“7) The Court has carefully reviewed and places great weight upon the fact that the juvenile has received extensive treatment within the State of Florida. This is the most extensive treatment that this Court has ever been aware of any juvenile receiving in any juvenile court of any state. [Court reviews treatment received by M.M.] This is an extensive record of treatment and it is certainly more than would be available to any child in the State of Alabama at this time.” Rem.R. 6, 7.
The juvenile court judge has conscientiously complied with our order of remand. That judge acted well within her discretion in deciding to transfer the juvenile to circuit court for criminal prosecution as an adult. That decision and order satisfy the requirements of Ala.Code 1975, § 12-15-34(d). The judgment of the juvenile court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.